**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000571
30-NOV-2012
08:07 AM**

NO. CAAP-11-0000571

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JOHN A. PACHECO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 08-1-245)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant John A. Pacheco (Pacheco) timely appeals from the July 6, 2011 Final Judgment of Conviction and Sentence entered by the Circuit Court of the Third Circuit (circuit court),[1] convicting him of seven counts of Sexual Assault in the First Degree against a minor under fourteen in violation of Hawaii Revised Statutes (HRS) § 707-730(1)(b) (Supp. 2011).[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Pacheco's points of error as follows:

---

[1] The Honorable Greg K. Nakamura presided.

[2] In relevant part, HRS § 707-730 states, "(1) A person commits the offense of sexual assault in the first degree if: (b) [t]he person knowingly engages in sexual penetration with another person who is less than fourteen years old."

(1)   Testimony of Alex Bivens, Ph.D. (Dr. Bivens).

(a)   We conclude that each challenged aspect of Dr. Bivens's testimony was helpful to the jury and relevant to provide context to evaluate the behavior of the Child where normal indicia of reliability may not apply.  State v. Batangan, 71 Haw. 552, 557-58, 799 P.2d 48, 52 (1990) (citations omitted) ("Expert testimony '[e]xposing jurors to the unique interpersonal dynamics involved in prosecutions for intrafamily child sexual abuse,' 'may play a particularly useful role by disabusing the jury of some widely held misconceptions . . . so that it may evaluate the evidence free of the constraints of popular myths.'")  Pacheco failed to present any evidence below or authority on appeal that establishes this is no longer the case.

(b)   Pacheco did not demonstrate that Dr. Bivens's testimony improperly bolstered Child's credibility or profiled Pacheco as a child molester.  Dr. Bivens did not opine on the credibility of Child and testified that he did not know the particulars of, nor was he given evidence pertaining to, this case.

To the extent that Pacheco argues Dr. Bivens's testimony was admitted in violation of Hawaii Rules of Evidence (HRE) Rule 403,[3]  the determination of whether unfair prejudice occurred is left to the discretion of the trial court, and is only reviewed here for an abuse of that discretion.  Kaeo v. Davis, 68 Haw. 447, 454, 719, P.2d 387, 392 (1986) (HRE Rule 403 is a determination well-suited to a trial court's exercise of discretion because it requires a "delicate balance between probative value and prejudicial effect.")  Pacheco's results-based claim that Dr. Bivens's testimony was the functional equivalent of directly opining about Child's credibility is not supported by the record.

---

[3]   HRE Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

(c) Pacheco fails to demonstrate how the circuit court abused its discretion in allegedly not following its own limiting instruction to avoid creating a "profile" of a sex offender with which the jury could compare Pacheco's actions. The circuit court instructed that the expert testimony should be "tailored toward explaining why victims of child sex abuse do not disclose as soon as the sexual abuse occurs" and "why there might be a delay in disclosure." The circuit court clearly stated that the prosecution should limit the "specific percentages used with respect to various variables that . . . might be used to draw an inference that based upon those variables that the defendant is probably guilty" but did not clearly limit the use of statistical data.

Pacheco does not show how the circuit court failed to follow its own guidance in directing the use of statistical data. The circuit court did not delineate a clear limit on the use of statistical data at the motions hearing but ruled on the State's questioning of Dr. Bivens throughout the trial process. The trial judge is in the best position to make a determination on the admission of evidence and to interpret its own ruling. The circuit court was within its discretion to allow the statistical data presented by the State's expert witness.

(d) Pacheco claims that the State "neglected to offer Dr. Bivens to the circuit court for qualification," and as a result, "all of his testimony regarding case studies, statistics, and the actions of 'child molesters' became improper lay witness testimony." However, Pacheco did not object to the lack of formal qualification of Dr. Bivens as an expert witness at the time he testified to his qualifications, nor did Pacheco challenge Dr. Bivens's actual qualifications.

Because the issue was not preserved for appeal by a timely objection, "[t]he general rule provides that issues not properly raised on appeal will be deemed to be waived." Hill v. Inouye, 90 Hawai'i 76, 82, 976 P.2d 390, 396 (1998) (internal quotation marks and citation omitted). Accordingly, "evidentiary

objections . . . not raised during trial will not be considered on appeal." Baily v. Sanchez, 92 Hawai'i 312, 316, 990 P.2d 1194, 1198 (App. 1999).

Pacheco also argues that, because Dr. Bivens was not properly qualified as an expert, his testimony, which required "specialized knowledge," was improper under HRE Rule 702. As Dr. Bivens's credentials as an expert were not properly challenged, we need not address this argument.

(2) Prior bad acts evidence.

(a) Child testified that the first time Pacheco sexually assaulted her, he told her that she "couldn't tell anyone, and that if [she] did then [the] family would [be] broken apart and he would go to jail." Child also testified that "part of the reason [she] was scared of telling anyone earlier about what [Pacheco] was doing to [her was] because [of her] knowledge that he may have had a gun."

Admission of prior bad act evidence is reviewed under an abuse of discretion standard. See State v. Fetelee, 117 Hawai'i 53, 62-63, 175 P.3d 709, 718-19 (2008). Prior bad act evidence under HRE Rule 404(b) is admissible when it is (1) relevant and (2) more probative than prejudicial. This testimony was relevant, HRE Rule 401, because it helped establish reasons Child delayed reporting the offenses, was probative to other facts of consequence, such as intent, knowledge and absence of mistake or accident under HRE Rule 404(b).[4]

The testimony about the alleged prior sexual assaults was not substantially different than the acts alleged in the instant offenses. The mere possession of a gun is not a prior bad act and the circuit court so instructed the jury after Child's testimony. Thus, the evidence was not of a type likely

---

[4] HRE Rule 404(b) prohibits the use of evidence of other crimes, wrongs, or acts "to prove the character of a person in order to show action in conformity therewith" but does allow such evidence where "probative of any other fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident."

to cause "overmastering hostility" outweighing the probative value of the evidence.  See Behrendt, 124 Hawai'i 90, 108, 237 P.3d 1156, 1174 (2010).

In light of Dr. Bivens's testimony regarding the reasons for delayed reporting, Pacheco argues, relying on the dissenting opinion in Behrendt, that because the State had no need for the bad acts evidence to provide an explanation for Child's delayed disclosure, "the incremental probative value" of the prior acts was not great and therefore violated HRE Rule 403. 124 Hawai'i at 115, 237 P.3d at 1181 (quoting State v. Castro, 69 Haw. 633, 644, 756 P.2d 1033, 1041 (1988).  However, the majority in Behrendt found that the prior bad acts evidence gave context to the relationship, and that the need for this context outweighed the prejudicial effect.  See Behrendt at 108, 123 P.3d at 1174.

(b)  Pacheco contends that the limiting instruction with respect to his alleged prior sexual assaults and his gun possession was fatally erroneous because it "flatly told the jury that the prior incidents 'occurred,'" which "leaves the impression that some prior adjudication must have preceded the trial, wherein [Pacheco] was actually found to have abused [Child] in the past."  This interpretation is not borne out when the instruction is read in full.  The instruction stated:

> [Y]ou may hear, [] evidence of *alleged* sexual contacts between [Child] and the defendant which occurred prior to the alleged incidents charged in this case.
>
> You may not use evidence of the *alleged* prior incidents to find that defendant was a bad person and therefore must have committed the offenses charged in this case.
>
> You may use evidence of the *alleged* prior incidents only as follows.
>
> First, for the purpose of assisting you in understanding the relationship over time between [Child] and the defendant; and, second, for the purpose of assisting you in understanding the timing of [Child]'s allegations of -- against defendant of sexual assault.

(emphasis added).

Furthermore, no objection was made to the instruction at the time. As a general rule, jury instructions to which no objection has been made at trial will be reviewed only for plain error. State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974, 981 (2006) (quoting State v Sawyer, 88 Hawai'i 325, 330, 966 P.2d 637, 642 (1998)). Pacheco has failed to establish plain error here.

(3) Cumulative effect of alleged errors. As we conclude that the circuit court did not err with regard to substantive points of error discussed above, we do not find any denial of due process or the right to a fair trial in the cumulative effect of the circuit court's decisions. See State v. Tierney, 124 Hawai'i 425, 245 P.3d 498, No. 29993 2010 WL 5407351 at *3 (App. Dec. 29, 2010) (SDO).

Therefore,

IT IS HEREBY ORDERED that the July 6, 2011 Final Judgment of Conviction and Sentence entered by the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, November 30, 2012.

On the briefs:

Summer M.M. Kupau,
Deputy Public Defender,
for Defendant-Appellant.

Presiding Judge

Darien W.L.C. Nagata
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Associate Judge

Associate Judge